

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## DETROIT DIVISION

UNITED STATES OF AMERICA,    *    Civil No.

    Respondent-Plaintiff,    *    Orig. Crim. No. 2:07-cr-20303-AC-DAS-2

v.    *

BRIAN BROWN,    *

    Petitioner-Defendant.    *

F I L E D
AUG 16 2011
CLERK'S OFFICE
DETROIT

## MOTION TO VACATE, CORRECT, OR SET ASIDE
## THE PETITIONER'S SENTENCE PURSUANT TO 28 U.S.C. § 2255

COMES NOW, the Petitioner herein, Brian Brown, pro se, and moves this Honorable Court to vacate the plea, conviction and sentence heretofore imposed, based upon the denial of the right to effective assistance of counsel during plea negotiations and at sentencing. During plea negotiations, defense counsel promised a sentence of no greater than 36 months should the Petitioner plead guilty. **Specifically, the Petitioner swears and affirms, under penalty of perjury, as to the following matters not reflected in the record**, to wit:

> **Prior to pleading guilty, my attorney informed me that my maximum sentence would be 36 months incarceration if I pleaded guilty. Based upon this promise, I entered a guilty plea. Had my attorney been honest regarding the potential sentence to be faced in pleading guilty, I would not have pleaded guilty, but would have proceeded to trial. Based upon such promises, the Petitioner entered an invalid plea, as he was unaware of the consequences of pleading guilty.**

Further, the Petitioner's Sixth Amendment right to counsel was denied when counsel failed to object to an unreasonable and unreliable amount of cocaine attributed to the Petitioner for purposes of sentencing. In support hereof, the Petitioner states the following:

1.      On July 11, 2007, the Grand Jury for the Eastern District of Michigan returned an indictment against the Petitioner along with co-defendant William Hunter.  The Petitioner was charged with conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count Two).  The Petitioner entered an initial plea of not guilty to these charges.

The facts giving rise to this case occurred starting in 2006 and 2007 in Clinton Township, Michigan.  In early 2006, law enforcement officials made a controlled purchase of approximately twelve (12) grams of crack cocaine from the Petitioner outside the Petitioner's residence.

In April 2006, it was learned by Federal Bureau of Investigation agents that William Hunter was supplying cocaine to the Petitioner and Reginald Orr for the purposes of re-distribution.  The Petitioner and Orr were aware of each other's drug distribution activities.  On September 19, 2006, a search warrant was executed against the Petitioner's residence at 34646 Lipke in Clinton Township.   Inside the residence, law enforcement officials seized three firearms, several pistol magazines, and drug paraphernalia.

Hunter admitted in recorded conversations that he was supplying the Petitioner with cocaine in the amount of one kilogram per week.

2.      On January 31, 2008, the Petitioner entered a guilty plea in the United States District Court for the Eastern District of Michigan, Detroit Division, before the Honorable Avern Cohn.  During the plea colloquy, the Petitioner acknowledged that the charged conspiracy involved one kilogram of cocaine.  The Petitioner went on to concede

2

that from June 2006 until July 2007, the Petitioner had been supplied with approximately one kilogram of cocaine per week. The recommended Guideline range of incarceration was between 57 and 71 months.

Prior to pleading guilty, defense counsel informed the Petitioner that his maximum sentence would be 36 months incarceration if he pleaded guilty. (Brown Verification). Based upon this promise, the Petitioner entered a guilty plea. (Brown Verification). Had my attorney been honest regarding the potential sentence to be faced by the Petitioner, the Petitioner would not have pleaded guilty, but would have proceeded to trial. (Brown Verification).

3.      A pre-sentence investigation report (PSI) was thereafter prepared. A base offense level of 34 was issued pursuant to U.S.S.G. § 2D1.1, as the Petitioner was held accountable for 12 grams of crack cocaine and 56 kilograms of cocaine, for a marijuana equivalent of 11,4000 kilograms. Although such resulted in an offense level of 36, as one of the drugs involved was crack cocaine, the offense level was reduced to 34 pursuant to U.S.S.G. § 2D1.1(d)(I). A two level enhancement to the base offense level was issued as a firearm was possessed in connection with the offense. A three level reduction to the offense level was issued pursuant to U.S.S.G. § 3E1.1 for acceptance of responsibility. As such, the total offense level was calculated to be 33. The Petitioner did not have any prior convictions, resulting in zero criminal history points and placement in criminal history category I. Based upon an offense level of 33 and a criminal history category of I, the Guideline range of incarceration was determined to be between 135 and 168 months incarceration.

3

4.      Prior to sentencing, the Petitioner filed a sentencing memorandum.  Therein, defense counsel argued: (1) the Petitioner should receive a reduction to his offense level for his minor role in the offense; (2) the evidence regarding drug amounts was not reliable; (3) there was no proof that the seized firearms were operational; (4) the Guideline correlation between drug quantity and culpability is unsupported and unsupportable; (5) the Petitioner is the primary care provider for his mother; and (6) the Petitioner suffered form poor health.  Counsel also requested a downward departure under 18 U.S.C. § 3553.

5.      On December 9, 2008, the Petitioner appeared for sentencing.  The court sustained the objection to the firearm enhancement, thereby decreasing the total offense level to 31.  The Guideline sentence range was therefore reduced to between 108 and 135 months incarceration.  The Petitioner received a sentence of 108 months incarceration.  Judgment was entered against the Petitioner on December 10, 2008.

6.      A timely notice of appeal was filed (appeal no. 09-1037).  In his appeal to the United States Court of Appeals for the Sixth Circuit, the Petitioner argued: (1) the district court's failure to ensure that the Petitioner understood the nature of the charges and the consequences of the plea constituted plain error; and (2) the sentence should be vacated as it was neither procedurally nor substantively reasonable.  The first issue was based upon the use of uncharged drug types and amounts to increase the sentence beyond anything comprehended by the Petitioner.   The second argument was based upon the inclusion of crack cocaine in the Petitioner's calculated Guideline sentence range, as well as the failure of the court to specifically address § 3553 factors.  The court also

4

improperly operated under the notion that the Petitioner was involved in a much larger conspiracy than charged.

On August 17, 2010, the United States Court of Appeals for the Sixth Circuit affirmed the lower court. The Court found that the plea colloquy made it clear that the multi-week conspiracy involved one kilogram of cocaine per week. The Court found that no objection had been raised regarding the drug amount attributed to the Petitioner for purposes of sentencing. The Court made clear that the proposed Guideline sentence range of between 57 and 71 months could be varied from. The Court found that the inclusion of crack cocaine in the Petitioner's Guideline calculations was improper, but that such actually benefitted the Petitioner, in that his offense level was reduced to 34 from 36 based upon U.S.S.G. § 2D1.1(d)(I). As such, no actionable error occurred. The discussion of the § 3553 factors by the sentencing court was found to be adequate.

7.     The Petitioner has taken no further legal action in this case.

8.     During pre-trial proceedings, plea proceedings, and at sentencing, the Petitioner was represented by Neil S. Rockind, Esq., 28411 Northeastern Highway, Suite 1150, Southfield, Michigan 48034. The petitioner was also represented at sentencing by Richard L. Steinberg, Esq., 1800 Buhl Building, 535 Griswold, Detroit, Michigan 48226. On appeal, the Petitioner was represented by Robert Michael Kalec, Esq., 801 West Big Beaver, Fifth Floor, Troy, Michigan 48084.

9.     The Petitioner submits that his detention is unlawful, and argues that:

I.     The Petitioner's right to effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution was violated during plea negotiations when counsel promised an unrealistic sentence in

5

order to indue a guilty plea, leading to the entry of a constitutionally invalid guilty plea.

II.   The Petitioner's right to effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution was violated during sentencing when counsel failed to object to unreasonable and unreliable amounts of cocaine attributed to the Petitioner.

III.  The Petitioner is entitled to an evidentiary hearing on these matters.

10.   The Petitioner is currently in the custody of the Bureau of Prisons facility located in Fairton, New Jersey. The Petitioner's inmate registration number is 40971-039.

WHEREFORE, in consideration of the foregoing as well as argument of law contained in the Memorandum of Law filed herewith, the Petitioner respectfully prays that this Court issue an Order vacating the plea, conviction, and sentence imposed in this case based violations of the Petitioner's constitutional rights. At a minimum, the Petitioner requests an evidentiary hearing on these issues.

Respectfully submitted,

Brian Nathaniel Brown

## EXHIBITS

1.      **Verification of Brian Brown**



# VERIFICATION

The Petitioner herein, Brian Nathaniel Brown, # 40971-039, hereby declares, verifies and states under penalty of perjury that the facts stated in the foregoing motion and memorandum of law are true and correct to the best of his knowledge and belief.

Executed on _8-03-11_ pursuant to 28 U.S.C. § 1746.

_Brian Brown_

Brian Nathaniel Brown

Subscribed and sworn to before me this __3rd__ day of _August_, 2011.

_Vicki Marie Rugenus_
Notary Public

VICKI MARIE RUGENUS
Commission # 2373873
Notary Public, State of New Jersey
My Commission Expires
May 19, 2013

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Motion and accompanying Memorandum of Law has been sent this 15th day of August, 2011, to the United States District Court for the Eastern District of Michigan Clerk's Office Theodore Levin U.S. Courthouse 231 W. Lafayette Blvd., Room 564 Detroit, MI 48226 and the Office of the Assistant United States Attorney, 211 West Fort Street, Suite 2001, Detroit, Michigan 48226-3211 via Federal Express and Regular First Class U.S. Mail, respectively.

Brian Nathaniel Brown



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**DETROIT DIVISION**

UNITED STATES OF AMERICA,               *       Civil No.

      Respondent-Plaintiff,              *       Orig. Crim. No. 2:07-cr-20303-AC-DAS-2

v.                                                      *       F I L E D

BRIAN BROWN,                                   *       AUG 16 2011

      Petitioner-Defendant.              *       CLERK'S OFFICE
                                                                DETROIT

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO VACATE, CORRECT, OR SET ASIDE**
**THE PETITIONER'S SENTENCE PURSUANT TO 28 U.S.C. § 2255**

As a matter of introduction, the Petitioner respectfully submits that the events which transpired in the instant case constitute a denial of the Petitioner's rights to the effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution and to due process of law as guaranteed by the Fifth Amendment to the United States Constitution. These errors were not merely procedural, but substantially infringed upon the Petitioner's constitutional rights.

**STATEMENT OF THE ISSUES**

I.     The Petitioner's right to effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution was violated during plea negotiations when counsel promised an unrealistic sentence in order to induce a guilty plea, leading to the entry of a constitutionally invalid guilty plea.

II.    The Petitioner's right to effective assistance of counsel as guaranteed by the Sixth Amendment to the United States Constitution was violated during sentencing when counsel failed to object to unreasonable and unreliable amounts of cocaine attributed to the Petitioner.

III.   The Petitioner is entitled to an evidentiary hearing on these matters.

## STATEMENT OF JURISDICTION

Federal law provides an avenue for post-conviction relief. Title 28 U.S.C. § 2255 is a statute that provides an avenue for redress of federal constitutional violations in a federal court. "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence . . . " 28 U.S.C. § 2255.  The Petitioner feels that his best opportunity to obtain fair and substantial justice regarding his sentence is through this petition.

## LAW AND ARGUMENT

In order to succeed in a § 2255 motion, the petitioner must show that the adjudication of a claim in federal court resulted in a sentence that was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence. 28 U.S.C. § 2255.  The Constitution, as the framework from which all Federal law springs, must not be violated as applied to the Petitioner.

I.     **The Petitioner's Right to Effective Assistance of Counsel as Guaranteed by the Sixth Amendment to the United States Constitution Was Violated During Plea Negotiations When Counsel Promised an Unrealistic Sentence in Order to Indue a Guilty Plea, Leading to the Entry of a Constitutionally Invalid Guilty Plea.**

The Petitioner's substantive arguments in this matter turn upon the constitutional right of effective assistance of counsel.  The Sixth Amendment to the United States Constitution guarantees that criminal defendants are entitled to the assistance of counsel in presenting their defense.  U.S. Const., amend. VI.  The High Court has stated, "[t]he right to counsel is a

2

fundamental right of criminal defendants; it assures the fairness, and thus the legitimacy, of our adversary process." Kimmelman v. Morrison, 477 U.S. 365, 374 (1986). Further, the Court has recognized that "the right to counsel is the right to *effective* assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 (1970) (emphasis added).

To succeed on a claim of ineffective assistance of counsel, a defendant must show that his "counsel's conduct so undermined the proper function of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2055, 2063 (1984). The Strickland Court went on to hold that in order for a defendant to prevail on an ineffective assistance of counsel claim, he must satisfy a two-prong test. Id. A defendant should demonstrate that the representation he received "fell below an objective standard of reasonableness" and "a reasonable probability that but for counsel's unprofessional errors, the results of the proceedings would have been different." Id. at 688, 694; Webb v. Mitchell, 586 F.3d 383, 393 (6th Cir. 2009).

A court reviewing a claim of ineffective assistance must determine whether a reasonable probability exists that, but for counsel's unprofessional errors, the results of the proceedings would have been different or whether the result was fundamentally unfair or unreliable. Id., *citing* Lockhart v. Fretwell, 113 S.Ct. 838 (1993). Ultimately, the Strickland test requires courts to focus upon whether counsel's performance was sufficient to ensure the fundamental fairness of the proceeding. Id. However, the prejudice that must be shown need not be anything more than something as small as one additional day in jail. *See* Glover v. United States, 531 U.S. 198 (2001).

3

Judicial review of the lawyer's performance must be "highly deferential," and "indulge a strong presumption" that a lawyer's conduct in discharging his duties "falls within the wide range of reasonable professional assistance," since reasonable lawyers may disagree on the appropriate strategy for defending a client. Strickland v. Washington, 466 U.S. 668 at 689 (1984). However, while "strategic choices made after thorough investigation of law and facts . . . are virtually unchallengeable, strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Id. at 690-91; see also O'Hara v. Wigginton, 24 F.3d 823, 828 (6th Cir. 1994).

In the context of guilty pleas, the United States Constitution Supreme Court announced that counsel must give objectively reasonable advice before the presumption of effectiveness will be applied. Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366 (1985); Jones v. Parke, 734 F.2d 1142 (6th Cir. 1984). The high court has stated that the prejudice prong in guilty plea cases focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. Lockhart, 474 U.S. at 59. In other words, in order to satisfy the "prejudice" requirement, the Petitioner must show that a reasonable probability exists that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Id. The ABA Standards Relating to the Administration of Criminal Justice provide that "it is unprofessional conduct for the lawyer to understate or overstate the risks, hazards, or prospects of the case to exert undue influence on the accused's decision as to his or her plea." Standard 4-5.1© (1979).

4

A defendant who relies on counsel's erroneous sentence estimate and takes a plea agreement may not withdraw from the plea agreement, as he knew his counsel's sentence estimate could differ from the sentence actually delivered by the court. United States v. Turpin, 155 Fed. Appx. 887 (6th Cir. 2005). In Schlumm v. Foltz, 745 F.2d 58 (6th Cir. 1984), the Sixth Circuit stated that, although it did not occur in this case, it was possible that a false promise from counsel used to induce a plea could be the basis for withdrawing the plea.

Herein, counsel failed to give reasonable advice regarding the entering of a plea. In fact, defense counsel expressly promised that a guilty plea would result in a maximum sentence of 36 months incarceration. (Brown Affidavit). Based upon this promise, the Petitioner entered a guilty plea. (Brown Affidavit). Had my attorney been honest regarding the potential sentence to be faced by the Petitioner, the Petitioner would not have pleaded guilty, but would have proceeded to trial. (Brown Affidavit). Clearly, the Petitioner was unaware that he would be sentenced to such a harsh sentence after counsel's rosy promises. The use of false promises by counsel to induce a plea rendered counsel's conduct below any objective standard of reasonableness. The Petitioner was unaware of the consequences of pleading guilty, and therefore entered an invalid guilty plea, satisfying the prejudice portion of the ineffective assistance of counsel test.

A guilty plea must be made knowingly, voluntarily, and intelligently. Boykin v. Alabama, 395 U.S. 238 (1969). In order to plead voluntarily, a defendant must know the direct consequences of his plea, including the actual value of any commitments made to him. Mabry v. Johnson 104 S.Ct. 2543, 2547 (1984). The Supreme Court has ruled that a plea must be found to be involuntary if it was based upon promises or threats which deprived it of a voluntary

character. <u>Machibroda v. United States</u>, 368 U.S. 487, 493 (1962). "The validity of a guilty plea

hinges on whether it was a voluntary and intelligent choice among alternative courses of action

open to the defendant." <u>Banks v. United States</u>, 920 F.Supp. 688 (E.D.Va.1996).

When looking at whether or not a plea should be set aside, three areas of the plea

negotiation should be evaluated. This test was set forth in the case of <u>United States v. Ribas-

Dominicci</u>, 50 F.3d 76 (1st Cir. 1995); see also <u>United States v. Webb</u>, 403 F.3d 373, 378-79 (6th

Cir. 2005). According to the Court, "violations of any of the three core concerns – absence of

coercion, understanding of the charges, and knowledge of the consequences of the guilty plea –

mandate that the plea be set aside." <u>Ribas-Dominicci</u>, 50 F.3d at 78.

As stated, the Petitioner was not aware that he was pleading guilty to a charge that would

result in a sentence of 108 months incarceration. Based upon counsel's promise, the Petitioner

thought his maximum sentence would be 36 months incarceration. Even in discussing the plea at

the plea hearing, the maximum sentence that the court stated was available was 71 months

incarceration. Of course, it will be argued that the district court also made it clear that the

Petitioner was involved with multiple kilograms of cocaine, which would result in a greater

Guideline sentence than 71 months. Equally clear is that the Petitioner is not a law school

graduate and does not have a familiarity with the Guidelines. As such, admitting involvement

with one thousand kilograms of cocaine, in the Petitioner's mind, had no bearing on promises

made to him by counsel regarding the potential sentence to be faced. As such, the Petitioner was

unaware of the consequences of pleading guilty, and his plea was therefore invalid.

As the Petitioner received constitutionally ineffective assistance of counsel leading to the

entering of a constitutionally invalid plea, the Petitioner submits that his plea and subsequent

6

sentence must be vacated, and this matter must be submitted for re-hearings consistent with the findings of this Court and the constitutional principles of fair play and substantial justice.

II.     **The Petitioner's Right to Effective Assistance of Counsel as Guaranteed by the Sixth Amendment to the United States Constitution Was Violated During Sentencing When Counsel Failed to Object to Unreasonable and Unreliable Amounts of Cocaine Attributed to the Petitioner.**

The Sixth Amendment to the United States Constitution guarantees that criminal defendants are entitled to the assistance of counsel in presenting their defense.  U.S. Const., amend. VI.  The High Court has stated, "[t]he right to counsel is a fundamental right of criminal defendants; it assures the fairness, and thus the legitimacy, of our adversary process."  Kimmelman v. Morrison, 477 U.S. 365, 374 (1986).   Further, the Court has recognized that "the right to counsel is the right to *effective* assistance of counsel."  McMann v. Richardson, 397 U.S. 759, 771 (1970) (emphasis added).

To succeed on a claim of ineffective assistance of counsel, a defendant must show that his "counsel's conduct so undermined the proper function of the adversarial process that the trial cannot be relied on as having produced a just result."  Strickland v.  Washington, 466 U.S. 668, 686, 104 S.Ct. 2055, 2063 (1984).  The Strickland Court went on to hold that in order for a defendant to prevail on an ineffective assistance of counsel claim, he must satisfy a two-prong test.  Id.  A defendant should demonstrate that the representation he received "fell below an objective standard of reasonableness" and "a reasonable probability that but for counsel's unprofessional errors, the results of the proceedings would have been different."  Id. at 688, 694; Webb v. Mitchell, 586 F.3d 383, 393 (6th Cir. 2009).

A court reviewing a claim of ineffective assistance must determine whether a reasonable probability exists that, but for counsel's unprofessional errors, the results of the proceedings would have been different or whether the result was fundamentally unfair or unreliable. Id., citing Lockhart v. Fretwell, 113 S.Ct. 838 (1993). Ultimately, the Strickland test requires courts to focus upon whether counsel's performance was sufficient to ensure the fundamental fairness of the proceeding. Id. However, the prejudice that must be shown need not be anything more than something as small as one additional day in jail. See Glover v. United States, 531 U.S. 198 (2001).

Judicial review of the lawyer's performance must be "highly deferential," and "indulge a strong presumption" that a lawyer's conduct in discharging his duties "falls within the wide range of reasonable professional assistance," since reasonable lawyers may disagree on the appropriate strategy for defending a client. Strickland v. Washington, 466 U.S. 668 at 689 (1984). However, while "strategic choices made after thorough investigation of law and facts . . . are virtually unchallengeable, strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Id. at 690-91; see also O'Hara v. Wigginton, 24 F.3d 823, 828 (6th Cir. 1994).

The "Sixth Amendment right to counsel extends to sentencing in federal cases." Mempha v. Rhay, 389 U.S. 128, 134 (1967). Courts have often recognized that one of the important functions of defense counsel at sentencing is to ensure that the defendant is sentenced on the basis of accurate information. In Townsend v. Burke, 334 U.S. 736 (1948), the United States

8

Supreme Court stated that "[c]ounsel would have been under a duty to prevent the court from proceeding on such false assumptions and, perhaps, under a duty to seek remedy elsewhere if they persisted." Id. at 740.

"[A] failure to investigate, participate in, and prepare for the sentencing proceedings fails to satisfy an objective standard of reasonable representation and therefore falls below Sixth Amendment standards for effective assistance of counsel." Arredondo v United States, 178 F.3d 778, 788 (6th Cir 1999).  In the Spearman v. United States, 860 F.Supp 1234 (E.D. Mich.1994), the district court found that counsel who failed to make proper objections at the time of sentencing to information which was erroneous in the presentence investigation report, and which affected the defendant's overall sentence, was ineffective.  The Spearman Court specifically found that counsel's failure to act to minimize the information contained in the report required a new sentencing hearing.

Additionally, the ABA Standards Relating to the Administration of Criminal Justice provide:

> It is the duty of the lawyer to conduct a prompt investigation of the circumstances of the case and to explore all avenues leading to facts relevant to the merits of the case and the penalty in the event of conviction.  The investigation should always include efforts to secure information in the possession of the prosecution and law enforcement authorities.  The duty to investigate exists regardless of the accused's admissions or statements to the lawyer of facts constituting guilt.

Standard 4-4.1 (1992).

In the instant case, defense counsel failed to object to the amount of cocaine attributed to the Petitioner for purposes of sentencing.  The Petitioner submits that the drug amounts were

9

unreliable and unsupported in evidence, and should not have formed the basis of his sentence. Where the evidence is such that the Court has to estimate the amount of drugs attributable to a defendant, the Court must err on the side of caution.  See, United States v. Lawrence, 915 F.2d 402, 409 (8th Cir. 1990).  The Sixth Circuit employed such caution in United States v. Zimmer, 14 F.3d 286 (6th Cir. 1994).  In Zimmer, the defendant was arrested with 800 marijuana plants. Further, the defendant admitted that he had grown marijuana for the past seven to eight years. The district court took this admission, and found that at a minimum, the defendant would have grown 25 plants per year.  The district court then added this extrapolation to the base offense level.  The Sixth Circuit reversed.  Specifically, the court found that, although the defendant admitted to growing marijuana in the past, that because there was no evidence as to the amounts grown, any estimations made by the district court were simply guesses.  They found these guesses did not have "a scintilla of evidence to support such a finding."  Id. at 290.

"Where the [drug] amount is uncertain, the district court is encouraged to 'err on the side of caution' and only hold the defendant responsible for that quantity of drugs for which 'the defendant is more likely than not actually responsible.'"  United States v. Baro, 15 F.3d 563, 568 (6th Cir. 1994) (quoting United States v. Walton, 908 F.2d 1289, 1302 (6th Cir. 1990));  United States v. Maliszewski, 161 F.3d 992, 1027 (6th Cir. 1998)(holding that the defendant's sentence should be vacated because the district court's determination of the amount of drugs attributable to him was based on speculation and unreliable evidence).  Although a court can estimate the amount of drugs involved in an offense, the court cannot simply accept a random number or resort to "nebulous eyeballing."  United States v. Duarte, 950 F.2d 1255, 1265 (7th Cir. 1991).

Further, when attributing conduct to another, the word of an alleged accomplice is not necessarily reliable because he admits his own criminal culpability. The court must keep this in mind that "[t]he fact that a person is making a broadly self-inculpatory confession does not make more credible the confession's non-self inculpatory parts. One of the most effective ways to lie is to mix falsehood with truth, especially truth that seems particularly persuasive because of its self-inculpatory nature." Williamson v. United States, 512 U.S. 594, 599-600 (1994). Accordingly, the statement of an alleged co-participant is "presumptively unreliable as to the passages detailing the defendants' conduct or culpability." Lee v. Illinois, 476 U.S. 530, 545 (1986).

In the instant case, law enforcement officials did not seize any cocaine from the Petitioner. The cocaine attributed to the Petitioner was done largely upon information from William Hunter, the petitioner's co-defendant herein and the leader of the drug distribution conspiracy to which the Petitioner allegedly belonged. As noted, the statement of a co-conspirator is of limited use in determining a defendant's culpability. The government may also point to the Petitioner's statement during the plea colloquy in which he admitted that from June 2006 until July 2007, the Petitioner had been supplied with approximately one kilogram of cocaine per week. Of course, during the same colloquy, the Petitioner stated that he was pleading guilty to involvement with only one kilogram of cocaine. Given the conflicting information provided by the Petitioner regarding the amount of cocaine he was involved with, the district court should have utilized caution in attributing drug amounts to the Petitioner, instead of utilizing the highest possible amount attributable herein.

11

Unfortunately, defense counsel failed to raise this issue, despite the fact that the drug amount attributed to the Petitioner formed the basis for the Petitioner's sentence. Such rendered counsel's conduct below any objective standard of reasonableness. The Petitioner was prejudiced by counsel's unreasonable performance, in that the Petitioner was sentenced based upon unsupported and unreliable drug amounts.

As the Petitioner received ineffective assistance of counsel at sentencing, the Petitioner submits that his sentence must be vacated and this matter must be remanded for re-sentencing consistent with the findings of this Court and the constitutional principles of fair play and substantial justice.

**III.    The Petitioner Is Entitled to an Evidentiary Hearing on These Matters.**

The Petitioner contends that he is entitled to an evidentiary hearing on these issues. In order to be granted an evidentiary hearing, a habeas corpus petition must allege sufficient facts which, if true, would support the conclusion of law advanced. <u>Townsend v. Sain</u>, 372 U.S. 293, 312, 83 S.Ct. 745, 756, 9 L.Ed.2d 770, 785 (1963); <u>Sims v. Livesay</u>, 970 F.2d 1575, 1579 (6th Cir. 1992). 28 U.S.C. § 2255 provides the standard for determining whether to grant an evidentiary hearing. The statute requires a hearing ". . . unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; <u>Blanton v. United States</u>, 94 F.3d 227, 235 (6th Cir. 1996).

In the present case, the Petitioner contends that he has set forth facts in his petition that entitle him to relief. Therefore, at a minimum, the Court should order an evidentiary hearing in this matter.

## CONCLUSION

For the above stated reasons, the Petitioner prays that his Petition for Relief Pursuant to

28 U.S.C. §2255 is granted.

Respectfully submitted,

Brian Nathaniel Brown
FCI Fairton - Satellite Camp
PO Box 420
Fairton, NJ 08320

## **EXHIBITS**

1.      **Verification of Brian Brown**

14



# VERIFICATION

The Petitioner herein, Brian Nathaniel Brown, # 40971-039, hereby declares, verifies and states under penalty of perjury that the facts stated in the foregoing motion and memorandum of law are true and correct to the best of his knowledge and belief.

Executed on _8-03-11_ pursuant to 28 U.S.C. § 1746.

_Brian Brown_
Brian Nathaniel Brown

Subscribed and sworn to before me this __3rd__ day of _August_, 2011.

_Vicki Marie Ruge_
Notary Public

VICKI MARIE RUGENUS
Commission # 2373873
Notary Public, State of New Jersey
My Commission Expires
May 19, 2013

August 15, 2011

United States District Court
Eastern District of Michigan - Clerk's Office
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd., Room 564
Detroit, MI 48226

Re:   U.S.A. v. Brian Brown - Case No.: 2:07-cr-20303-AC-DAS-2
      Motion to Correct Sentence 18 U.S.C. § 2255

To Whom It May Concern:

      Enclosed for filing please find and original and two (2) copies of the following:

1. Motion to Vacate, Correct or Set Aside The Petitioner's Sentence Pursuant to 18 U.S.C. § 2255.

2. Memorandum In Support of Motion.

3. Verification.

      I have also enclosed a post paid return envelope to provide me with a date and time stamped copy of this filing for my records.

      I thank you for your attention in addressing this filing and look forward to receipt of a date and time stamped copy for my file.

                       Sincerely,

                       *Brian Nathaniel Brown*

                       Brian Nathaniel Brown, #40971-039

enclosures as stated



FedEx

Express

*The World On Time*

Envelope

For FedEx Express® Shipments Only

F I L E D

AUG 16 2011

CLERK'S OFFICE
DETROIT

Align bottom of Peel and Stick Airbill here.

Align top of FedEx Express Shipping Label here.