UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                           Case Number: 07-20303

v.                                          HONORABLE AVERN COHN

BRIAN BROWN,

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE (Doc. 91)

I. Introduction

This is a criminal case. Defendant Brian Brown has filed a motion for reduction of sentence under 18 U.S.C. § 3582, arguing that his sentence should be reduced based on Amendment 706 relating to crack cocaine. The government has filed a response to the motion, contending that the amendment, which lowered the base offense level for crack cocaine, does not apply to Brown. The Court agrees. Accordingly, Brown's motion is DENIED.

II. Background

The majority of the background is taken from the Court's memorandum and order denying Brown's motion under 28 U.S.C. § 2255 (Doc. 86), pages 2-4:

> An investigation of drug trafficking activity in Clinton Township, Michigan revealed that Brown was a dealer in drugs. As part of the investigation, officers intercepted telephone calls between various individuals in the group–including Brown and his supplier, William Hunter. Brown frequently appeared on the wire discussing his drug dealing operation. (Doc. 45: Government Sentencing Memorandum at 3). As the

investigation came to a conclusion, several search warrants were executed, including one at Brown's house. That search revealed three scales, a razor and mirror containing an unknown white substance, and two handguns. (Doc. 45: Government Sentencing Memorandum at 3-4; Presentence Investigation Report (PSR) at ¶ 9).

Following the end of the wiretap investigation and execution of the search warrants, Hunter, who faced charges but was eventually released on bond pending trial, sought the assistance of Otis McCary in collecting an outstanding drug debt from Brown. Specifically, Hunter told McCary that Brown owed him $22,000. Unbeknownst to Hunter, McCary was cooperating with the FBI. Hunter explained to McCary that he had been supplying Brown with one kilogram of cocaine per week without requiring payment because Brown had proven such a prolific distributor. (Doc. 45: Government Sentencing Memorandum at 4-9). Hunter in fact had given Brown one kilogram of cocaine just before the police executed the search warrant at Brown's house. Hunter now wanted the money for that cocaine.

McCary met with Brown about the outstanding debt to Hunter. Brown admitted that Hunter had been supplying him with "whole bricks" of cocaine for some time. Brown told McCary that Hunter would be paid for the fronted cocaine, noting that he had brought Hunter more than $500,000 worth of business. Brown explained that he still had the kilogram of cocaine and that the police did not retrieve the brick during the execution of the search warrant because some of it was in his vehicle (which apparently was not searched) and the rest he snuck out of the house using his minor daughter. Brown also admitted to McCary that he was still selling drugs, even after the investigation, and would pay Hunter eventually. (Doc. 45: Government Sentencing Memorandum at 4-9; PSR ¶ 10).

Brown and Hunter were charged together with conspiracy to distribute cocaine. Brown pleaded guilty to the charge without a plea agreement. As part of the plea colloquy with the Court, Brown confirmed that Hunter provided him with one kilogram of cocaine per week between June 2006 and July 2007. (Transcript of Plea Proceedings, January 31, 2008, at 10-11, attached as Exhibit A to Government's Response - Doc. 83).

Prior to sentencing, the PSR found an applicable guideline range of 135 to 168 months based upon the 12 grams of crack Brown sold the cooperating witness in February 2006, and 56 kilograms of powder cocaine (based on Brown's admissions to receiving one kilogram per week for 14 months). (PSR ¶ 11). Brown, through counsel, filed objections to the PSR, which included objections as to the speculative nature of the evidence regarding the amount of cocaine involved. Brown, through counsel, also filed a sentencing memorandum, but again did not dispute the drug amount, or the inclusion of the crack in the calculation of the offense level. (Doc. 44: Defendant's Sentencing Memorandum).

The Court sentenced Brown to 108 months in custody, 27 months

below the guideline range in the PSR.  Brown appealed, contending that (1) his plea was not knowing, voluntary, and intelligent; and (2) his sentence was procedurally and substantively unreasonable.  The Court of Appeals for the Sixth Circuit affirmed Brown's conviction and sentence. United States v. Brown, 391 Fed.Appx. 524, 2010 WL 3245770 (6th Cir. 2010).

Brown then filed a motion under § 2255, arguing that his counsel was ineffective because he informed Brown he would receive a maximum sentence of 36 months and because he failed to make sentencing objections.  The Court denied the motion and declined to issue a certificate of appealability.  (Doc. 86).  Brown has appealed this decision; the appeal is pending.

### III.  Legal Standard

18 U.S.C. § 3582(c) provides in relevant part:

(1) In General.-In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) Exclusions.-A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if-
(A) none of the amendments listed in subsection (c) is applicable to the defendant; or
(B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

### IV.  Analysis

The amendment in question is part A of Amendment 750, which altered the offense levels in Section 2D.1. applicable to crack cocaine offenses, which has been made retroactive.  The problem for Brown, however, is that this amendment does not

have the effect of lowering his guideline range. As noted above, Brown's guideline range was based on a significant amount of powder cocaine, 56 kilograms, and a small amount of crack cocaine, 12 grams. As more fully explained in the government's response, both Brown's offense level and the resulting sentencing range remain unchanged by Amendment 750.

Finally, as also as explained in the government's response and in the Sixth Circuit's opinion on direct appeal, the PSR improperly considered the amount of crack cocaine in calculating the guideline range, an error which benefitted Brown by reducing his offense level by two levels.

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: March 15, 2012

I hereby certify that a copy of the foregoing document was mailed to Brian Brown, 40971039, Fairton, Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 420, Fairton, NJ 08320 and the attorneys of record on this date, March 15, 2012, by electronic and/or ordinary mail.

    S/Julie Owens
Case Manager, (313) 234-5160